08-4383-ag
Lin-Chin v. Holder

BIA
Hom, IJ
A098 712 265

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of January, two thousand ten.

PRESENT:

> DENNIS JACOBS,
> > *Chief Judge*,
> ROSEMARY S. POOLER,
> REENA RAGGI,
> > *Circuit Judges*.

_____

DIAN JIN LIN-CHIN,
    *Petitioner*,

    v.                                          08-4383-ag
                                                NAC

ERIC H. HOLDER, Jr.,* U.S. ATTORNEY
GENERAL, UNITED STATES DEPARTMENT
OF JUSTICE,
    *Respondents*.

_____

_____

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

FOR PETITIONER:        Norman Kwai Wing Wong, New York, New York.

FOR RESPONDENT:        Michael F. Hertz, Assistant Attorney General, Cindy S. Ferrier, Senior Litigation Counsel, Kimberly A. Burdge, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED in part and DISMISSED in part.

Dian Jin Lin-Chin, a native and citizen of the People's Republic of China, seeks review of an August 15, 2008 order of the BIA, dismissing an appeal from the June 28, 2006 decision of Immigration Judge ("IJ") Sandy Hom, in which the IJ denied Lin-Chin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Dian Jin Lin-Chin*, No. A98 712 265 (B.I.A. Aug. 15, 2008); *In re Dian Jin Lin-Chin*, No. A98 712 265 (Immig. Ct. N.Y. City June 28, 2006).

Where, as here, the BIA does not adopt the IJ's decision insofar as it was based on an adverse-credibility finding and, in fact, resolves the petition on an assumption of credibility, the BIA's decision becomes the focus of our

2

review.  *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  We review questions of law and the application of law to undisputed fact *de novo* and fact-findings for substantial evidence.  *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).  In conducting our review, we assume the parties' familiarity with the underlying facts and procedural history of this case.

Lin-Chin contends that the BIA erred in concluding that he failed to demonstrate past persecution or a well-founded fear of future persecution on account of his opposition to China's family planning policies.

We are not persuaded.  Lin-Chin's claim of past persecution consisted of being slapped and cursed at on one occasion when he argued with family planning officials about the forced sterilization of his mother.  Lin-Chin does not assert a derivative claim of persecution based on the treatment of his mother.  And the conduct he experienced directly does not rise to the level of severity indicative of "persecution."  *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (distinguishing "persecution" from "mere harassment").

Lin-Chin's claim of future persecution was also

3

deficient.  Even assuming the credibility of his testimony that Chinese authorities tried to arrest him and offered a reward for his capture, Lin-Chin did not indicate how an arrest based on one dispute he had with family planning officials in 2004 would be likely to result in treatment amounting to persecution.  *See Jian Xing Huang v. INS*, 421 F.3d 125, 128 (2d Cir. 2005) (holding that petitioner seeking asylum based on resistance to China's family planning policies was required "to offer credible, specific, and detailed evidence that his well-founded fear is either of forcible sterilization or of some *other sort of persecution*" (emphasis added)); *see also Shao v. Mukasey*, 546 F.3d 138, 163 (2d Cir. 2008) (upholding BIA determination that petitioner's "'generalized argument[s]'" failed to demonstrate "reasonable possibility" of future persecution).  Under such circumstances, he fails to demonstrate that any subjective fear of future persecution is objectively reasonable.  *See Shao v. Mukasey* at 157-58, 162-66.

Because Lin-Chin failed to challenge the IJ's denial of his CAT claim before the BIA, we lack jurisdiction to consider and, therefore, will dismiss, this portion of his petition.  *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462

4

F.3d 113, 119 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
